IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JANET ALLEN,

    Plaintiff,

v.                                  Civil Action No. 5:09CV81
                                                      (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Procedural History</u>

The plaintiff, Janet Allen, filed an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleges disability since April 1, 2003 because of fibromyalgia.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on June 19, 2008, before Administrative Law Judge ("ALJ") Randall W. Moon. The plaintiff, represented by counsel, testified on her own behalf, as did Vocational Expert ("VE") John M. Panza. On December 11, 2008, the ALJ issued a decision finding that the plaintiff had the following severe impairments: fibromyalgia; degenerative disc disease/degenerative arthritis of the cervical, thoracic and lumbar spine; depressive disorder, not otherwise specified; and anxiety

disorder, not otherwise specified.  The ALJ found that none of the impairments or combinations of impairments met the criteria for the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that the plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) such as crouching, stooping, and climbing ramps and stairs only occasionally; changing positions at will; not work in temperature extremes of hot or cold or high concentration of smoke, dust or odors; no requirement to do jobs that require high production rate or sales; no exposure to hazards; performing simple, routine, one to three step tasks; with only occasional contact with others.  Thus, the ALJ concluded that the plaintiff is capable of performing past relevant work involving light housekeeping, as that work does not require the performance of work-related activities precluded by the plaintiff's RFC.  The ALJ determined that the plaintiff was not "disabled" within the meaning of the Act and therefore not entitled to SSI or DIB.  The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The plaintiff previously applied for SSI and DIB on June 13, 2003.  The Social Security Administration denied the claims at the reconsideration level on October 21, 2003.  The plaintiff applied

for DIB and SSI on July 22, 2004. Those claims were denied at the hearing level on August 25, 2006. The plaintiff requested a review of the decision on September 19, 2006 and the Appeals Council affirmed the decision on August 16, 2007.

The present case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. In addition, the plaintiff filed a motion to include lost documents in the administrative transcript. On March 22, 2010, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, that the plaintiff's motion to include lost documents be denied, and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff filed timely objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

In her motion for summary judgment, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff argues that the ALJ erred because he (1) failed to comply with the Commissioner's Acquiescence Ruling ("AR") 00-1(4) and Fourth Circuit case law; (2) failed to include the prior ALJ decision in the record; (3) failed to associate the prior file; (4) failed to consider the prior final decision as evidence; (5) failed to perform the analysis and make the findings required by law regarding the evaluation process; (6) did not complete the sequential evaluation process; and (7) gave insufficient reasons for rejecting the only physical functional assessment performed by an examining source and failed to mention or to indicate the weight assigned to the mental RFC of Dr. Joseph. Additionally, the plaintiff argues that the Appeals Council failed to consider counsel's brief and additional evidence submitted and failed to include these submissions in the record.

The Commissioner contends that: (1) the ALJ properly determined that the plaintiff could perform her past work as a housekeeper; (2) the prior ALJ determination of non-disability is not inconsistent with the current ALJ's decision; (3) the ALJ was not required to include the record from a previous ALJ decision; (4) there is no evidence that the Appeals Council failed to consider additional evidence; and (5) the ALJ properly weighed the medical opinion evidence.

Magistrate Judge Joel issued a report and recommendation, in which he held that: (1) substantial evidence supports the ALJ's findings not to give significant weight to the opinion of Dr. Lattimer; (2) the ALJ properly considered Dr. Joseph's opinion, and substantial evidence supports his RFC assessment of the plaintiff; (3) substantial evidence supports the ALJ's RFC assessment that the plaintiff can perform light work; (4) the ALJ could properly rely on the VE's testimony when determining whether the plaintiff can perform her past relevant work; (5) the ALJ properly considered the evidence and the prior decision from the 2006 application; (6) the ALJ was not required to reopen the prior 2006 application; (7) there is no evidence to support the plaintiff's allegation that the Appeals Council did not consider her brief or her additional evidence; (8) substantial evidence supports the ALJ's conclusion that the plaintiff can perform her past relevant work; and (9) substantial evidence supports the ALJ's decision that the plaintiff is not disabled and can perform work in the national economy.

The plaintiff thereafter filed objections to the magistrate judge's report and recommendation. In these objections, the plaintiff argues that the magistrate judge (1) erred by not adhering to nor following the Commissioner's own rules and regulations; (2) erred by not recognizing the impact of an incomplete record; and (3) erred by finding in contrast to the evidence that no evidence supports the plaintiff's allegations that the Appeals Council failed to consider the brief and other evidence submitted to it.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

In her objections, the plaintiff first argues that the ALJ failed to follow AR 00-1(4), which interprets two Fourth Circuit decisions, Lively v. Secretary of Heath and Human Services, 820 F.2d 1391 (4th Cir. 1987), and Albright v. Commissioner of Social Security Administration, 174 F.3d 473 (4th Cir. 1999). An ALJ

"must consider a finding . . . made in a final decision by an [ALJ] or Appeals Council on [a] prior . . . claim." AR 00-1(4). Specifically, an ALJ "must consider such finding as evidence and give it appropriate weight in light of all the relevant facts and circumstances when adjudicating a subsequent disability claim." Id. The ALJ should consider the following factors:

> (1) whether the fact on which the prior finding was based is subject to change with the passage of time; (2) the likelihood of such a change, considering the length of time that has elapsed . . . ; and (3) the extent that evidence not considered in the [previous] final decision . . . provides a basis for making a different finding.

Melvin v. Astrue, 602 F. Supp. 2d 694, 701 (E.D.N.C. 2009) (quoting AR 00-1(4)). HALLEX[1] 1-5-4-66 interprets AR 00-1(4). Id. HALLEX 1-5-4-66 "requires the ALJ to refer to AR 00-1(4) and include rationale in the decision on what weight the ALJ gave the prior ALJ's findings." Id.

The previous ALJ ruled that the plaintiff is not disabled and that she is capable of performing light work. However, the ALJ found that the plaintiff was not capable of returning to her past work as a housekeeper because her work as a housekeeper did not

---

[1] "HALLEX is a manual in which 'the Associate Commissioner of Hearings and Appeals conveys guiding principles, procedural guidance and information to the Office of Hearings and Appeals (OHA) staff. HALLEX includes policy statements resulting from an Appeals Council en banc meeting under the authority of the Appeals Council Chair. It also defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals Council and Civil Actions levels.'" Marvin, 602 F. Supp. 2d at 699-700 (quoting Soc. Sec. Admin., Office of Hearings and Appeals, Hearing, Appeals and Litigation Law Manual I-1-0-1 (June 21, 2005).

allow for a sit/stand option. This Court disagrees with the government that the RFC is "basically identical" and that the only difference between the VE testimony is that the "plaintiff's housekeeper job has a sit/stand option." The government states that the current ALJ found the same RFC, which included a sit/stand option. This Court finds that the current ALJ did not include a sit/stand option in the RFC. The ALJ stated in the hearing, in an exchange with the plaintiff's counsel, that if he used the same RFC as the previous ALJ two years earlier, the plaintiff would not be able to return to her previous work. Tr. at 83.

This Court overrules the plaintiff's objection that the ALJ violated AR 00-1(4). The ALJ allowed the plaintiff to submit 174 pages of exhibits from the prior application, which included the previous ALJ decision. Tr. 25, 704-877. The ALJ further allowed the plaintiff to identify and argue at the hearing what evidence she considered new and material. Tr. 9, 24-29. In his decision, the ALJ did mention the plaintiff's prior attempts to receive benefits. Tr. at 9. Here, "the ALJ evaluated the whole record, applied the governing legal standard, and denied plaintiff's claim." Marvin, 602 F. Supp. 2d at 702. While the ALJ did not specifically reference AR 00-1(4) or HALLEX 1-5-4-66 or explain the precise weight he gave the ALJ's findings from 2006, this Court finds that the ALJ did consider the prior ALJ's findings as part of reviewing the record. See Tr. at 12 ("After careful consideration of the entire record, the undersigned makes the following findings

8

. . ."); Tr. at 20 ("In sum, the above residual functional capacity assessment is supported by the reports made to the claimant's physicians, the objective evidence of record and the record in its entirety.").

This Court finds that the ALJ complied with Albright and Lively. In Lively, an ALJ denied Lively DIB on October 19, 1981, finding that he was not disabled and able to perform light work. Lively, 820 F.2d 1391, 1391. The Appeals Council affirmed the decision. Id. at 1392. On November 18, 1983, the reviewing district court held that the Secretary's conclusion that Lively was restricted to light work was supported by substantial evidence. Id. On December 14, 1983, Lively filed another application, in which the ALJ concluded that Lively was not disabled and that Lively could perform work at any exertional level on or before December 31, 1981. Id. The Fourth Circuit stated that it was "utterly inconceivable that his condition had so improved in two weeks as to enable him to perform medium work." Id.

The plaintiff argues that the ALJ and magistrate judge erred because the plaintiff filed the current, third application one month after the denial of the second application. The plaintiff argues that there is only a one month difference in the time period. This Court does not agree. The plaintiff cites no law for her opinion that the relevant time period is one month. The Fourth Circuit has not expressly stated how reviewing courts are to measure the applicable time period. In Lively, the relevant time

period was the date between the first ALJ decision and the plaintiff's fifty-fifth birthday. Id. Had the plaintiff been fifty-five years old at the time of the decision, he would have been entitled to benefits. Id. The only variable that changed was the plaintiff's age. Id. In Albright, the Fourth Circuit used the date of the first ALJ decision and the date the plaintiff's insurance status expired. Albright, 174 F.3d at 477. This calculation yielded a difference of three years. Id. In Albright, the second application was filed in November 1992, six months after the denial of the first application, yet the Fourth Circuit stated the applicable time period was three years. Id.

Two recent district court opinions from within the Fourth Circuit use the formula suggested by the plaintiff. In Melvin, the Eastern District of North Carolina quoted from Albright, stating that it was "imprudent to pronounce, as a matter of law, that [a claimant's] ability to perform in the workplace could have diminished between [when the initial claim was decided] and [when the new claim was filed]." Melvin, 602 F. Supp. 2d at 700. This quotation of the Fourth Circuit is not accurate because the new claim was filed in Albright six months after the first denial, not three years. Albright, 174 F.3d at 474. As previously mentioned, the Albright court used the date the plaintiff's insured status expired, not the date the new claim was filed. Similarly, in Gilliam v. Astrue, 2010 WL 1009726, *14 (S.D. W. Va. March 18, 2010), Magistrate Judge Mary E. Stanley found that the relevant

time period is the date of the ALJ's previous decision and the date of the current application.

This Court cannot agree that the Fourth Circuit believes the relevant time period for this calculation is the date of the previous denial and the date of the current application. Looking to the language of <u>Albright</u>, this Court first notes that the Fourth Circuit did not apply those dates in that case. <u>Albright</u>, 174 F.3d at 477. Secondly, to support its statement that, "[w]here, as here, the relevant period exceeds three years, our swagger becomes barely discernible," the <u>Albright</u> court cited to <u>Rucker v. Chater</u>, 92 F.3d 492, 495 (7th Cir. 1996). <u>Id.</u> at 477 n.7. In <u>Rucker</u>, the Seventh Circuit distinguished <u>Lively</u>, finding that the plaintiff had filed his two applications four years apart. <u>Rucker</u>, 92 F.3d at 495. The <u>Rucker</u> court did not use the first application denial date and the second application date. <u>Id.</u> This citation to <u>Rucker</u> evidences the Fourth Circuit's intent with regard to the relevant time period statement.

This Court finds that the relevant time period here is two years, not one month. As the ALJ discussed at the hearing, the previous ALJ made his RFC determination more than two years prior to the current ALJ. The record for this hearing included more reports from doctors and more information on the plaintiff's daily activities, which the ALJ discussed. In contrast to <u>Lively</u>, there have been material changes in the two years, as found by the ALJ.

11

The ALJ stated that he considered all the evidence in the record. Further, the record contains the findings in the 2006 decision. As mentioned above, he considered the plaintiff's most recent effort to receive benefits, applied the governing legal standard, and rejected the request for benefits. This Court finds that the ALJ complied with <u>Albright</u> and AR 00-1(4). <u>Melvin</u>, 602 F. Supp. 2d at 704. However, the ALJ did not specifically comply with HALLEX 1-5-4-66 by not specifically mentioning the factors of AR 00-1(4). HALLEX, as an internal guidance tool, "lacks the force of law." See <u>id.</u> (citing <u>Christensen v. Harris County</u>, 529 U.S. 576, 587 (2000) (holding that agency interpretations contained in policy statements, agency manuals, and enforcement guidelines lack the force of law)). Even if HALLEX were binding, the plaintiff has failed to show prejudice from the ALJ's failure to cite to AR 00-1(4).

This Court overrules the plaintiff's second objection. The plaintiff's second objection consists of two separate objections. First, the plaintiff argues that the record is incomplete because the magistrate judge denied her request to supplement the record with lost documents. The second contention involves the ALJ's denial of the plaintiff's request to reopen the prior claim based upon "new and material evidence from a rheumatologist."

A "[d]istrict court may only order additional evidence to be taken before the Commissioner upon a showing that there is new evidence which is material and that there is good cause for the

failure to incorporate such evidence in a prior proceeding." <u>Smith v. Chater</u>, 99 F.3d 635, 638 n.5 (4th Cir. 1996). Evidence is considered new "if it is not duplicative or cumulative" and "material if there is a reasonable possibility that the new evidence would have changed the outcome." <u>Wilkins v. Sec'y, Dep't of Health & Human Servs.</u>, 953 F.2d 93, 96 (4th Cir. 1991).

The plaintiff, in her motion to include lost documents in the administrative transcript, asks this Court to allow additional evidence to be added to the transcript. The evidence consists of three letters from the plaintiff's counsel to the Appeals Council and medical records. Document 11-1 consists of treatment notes, primarily consisting of feminine issues and chest pains, which are unrelated to the plaintiff's severe impairment. Document 11-2 consists of two pages of three office visit notes. One of these office visits is already in the record. Document 12 consists of 61 pages of various materials, including medical records regarding feminine issues and documents relating to the plaintiff's application for Medicaid. Most of the medical records relating to the plaintiff's severe impairment are already in the record. There is a letter to Doctor Arturo Sabio from Doctor Shelly P. Kafka, in which Doctor Kafka discusses her rheumatological consultation of the plaintiff. The plaintiff argues that this Court should grant her motion because the records were submitted to the Appeals Council as part of her request for review, but were erroneously omitted from the transcript. While the plaintiff admits there is

13

"minor duplication" of exhibits already in the records, she contends the documents are relevant because they show the evidence relied upon by the West Virginia Department of Health and Human Resources Medical Review Team, which the plaintiff states found her disabled for purposes of Medicaid. The Commissioner contends that the records are cumulative.

After a de novo review, this Court concurs with the magistrate judge that admission is not warranted. The documents are cumulative and are not material as they mostly do not relate to the plaintiff's severe impairment and predominantly discuss either feminine medical issues or the plaintiff's West Virginia Medicaid application. Accordingly, the plaintiff has failed to show that there is a "reasonable possibility that the records would have changed the outcome of the case." Bush v. Astrue, 2008 WL 4279925, *5 (N.D. W. Va. Sept. 17, 2008) (citing Wilkins, 953 F.2d at 96).

The plaintiff next contends that the ALJ failed to reopen the prior disability application. An ALJ has the discretion to reopen a prior disability application if there is good cause or if there is new and material evidence; a clerical error in the computation or recomputation of benefits; or the evidence that was considered in making the determination clearly shows on its face that an error was made. 20 C.F.R. § 404.989. The ALJ found that there was no new and material evidence that would support reopening the prior decision. Tr. at 9. The Supreme Court has stated that 42 U.S.C. § 405(g) "cannot be read to authorize judicial review of alleged

14

abuses of agency discretion in refusing to reopen claims for social security benefits." Califano v. Sanders, 430 U.S. 99, 108 (1977). Accordingly, the plaintiff's second objection is overruled.

This Court overrules the plaintiff's third objection. The plaintiff argues that the Appeals Council failed to consider the brief she filed or the additional evidence she submitted on appeal because the additional evidence and brief are not in the record and the Appeals Council did not discuss the evidence or the brief in its denial for review. This Court agrees with the magistrate judge that there is no evidence to support the plaintiff's allegation that the Appeals Council did not review the document. In its denial, the Appeals Council stated that it would have reviewed the plaintiff's case if it would have received "new and material evidence and the decision [was] contrary to the weight of all the evidence now in the record." Tr. at 1. Further, the Appeals Council stated that it considered all of the reasons she disagreed with the decision and found that the information did not provide a basis for changing the ALJ's decision. Id. More importantly, the Appeals Council had no obligation to review the proposed "new" material because the plaintiff did not submit the evidence within sixty days of the ALJ's decision. See 20 C.F.R. § 404.968 (requiring that any documents for the Appeals Council to consider to be submitted with the request for review, to be filed within sixty days of the ALJ's decision, unless the plaintiff files a written request for an extension of time). The plaintiff's counsel

15

did not submit the new evidence with the request for review on January 20, 2009. Further the plaintiff's counsel did not file a written request for an extension of time, giving the reasons for the late filing and showing good cause, which the regulations require. Id. Further, the form the plaintiff used for requesting review by the Appeals Council advised the plaintiff that she was to submit additional evidence with the request for review and that if she needed extra time to submit additional evidence, it was plaintiff's counsel's responsibility to submit a written request for an extension along with an explanation for why the extension was necessary. Tr. at 4. Here, the ALJ denied the plaintiff's request for benefits on December 11, 2008. On January 20, 2009, the plaintiff requested review from the Appeals Council without submitting additional evidence or requesting an extension of time to submit additional evidence. On February 27, 2009, 78 days after the ALJ's adverse decision, plaintiff's counsel sent the Appeals Council "additional evidence," which she wanted the Appeals Council to associate with the plaintiff's file. The additional evidence consists of four pages of records from the Braxton Community Health Center. The plaintiff gives no reason why she did not submit these pages with the request for review or why she filed them late. On March 17, 2009, 96 days after the ALJ's adverse decision, the plaintiff filed a brief with the Appeals Council, again not explaining the delay in filing. On May 20, 2009, 160 days after the adverse decision, the plaintiff's counsel sent two pages of

16

office visit notes from 2007 and 2008, again not explaining why the documents were untimely submitted. Because the plaintiff did not comply with the procedures for submitting additional evidence to the Appeals Council, the Appeals Council had no duty to examine the additional evidence. Id. See also Miller v. Barnhart, 194 Fed. App'x 519, 522 (10th Cir. Sept. 6, 2006) (unpublished); Schmidt v. Barnhart, 395 F.3d 737, 744 n.2 (7th Cir. 2005); Harris v. Comm'r of Social Security, 2009 WL 6364253, *10 (W.D. Mich. Sept. 2, 2009) (unpublished); King v. Barnhart, 2002 WL 598529, *6 (N.D. Ill. Apr. 18, 2002) (unpublished).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and after a de novo review, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was not disabled and the RFC are supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. The plaintiff's motion for leave to file lost documents is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   May 28, 2010

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE